# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/17/2018** at 09:55:00 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   JAMES HAWKINS APLC
    JAMES R. HAWKINS SBN 192925
2   GREGORY MAURO, SBN 222239
    MICHAEL CALVO, SBN 314986
3   9880 Research Drive, Suite 200
    Irvine, California 92618
4   Telephone: (949) 387-7200
    Facsimile: (949) 387-6676
5   James@jameshawkinsaplc.com
    Greg@jameshawkinsaplc.com
6   Michael@jameshawkinsaplc.com

7   Attorneys for EVELIA MARTINEZ, individually and on
    behalf of all others similarly situated

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                 COUNTY OF ORANGE, CIVIL COMPLEX CENTER
10

11  EVELIA MARTINEZ, individually and on       Case No. 30-2018-00971431-CU-OE-CXC
    behalf of all others similarly situated,   Assigned for all Purposes to:
12                                              Hon. Randall J. Sherman
                    Plaintiffs,                 Dept. CX-105
13
          v.                                    **FIRST AMENDED CLASS ACTION
14                                              COMPLAINT FOR:**
    SSC NEWPORT BEACH OPERATING
15  COMPANY LP dba FLAGSHIP                     **(1) FAILURE TO PAY MINIMUM WAGES;**
    HEALTHCARE CENTER, a Delaware
16  Limited Partnership, and DOES 1-50,        **(2) FAILURE TO PAY OVERTIME;**
    inclusive,
17                                              **(3) FAILURE TO PROVIDE MEAL PERIODS;**
                    Defendants.
18                                              **(4) FAILURE TO AUTHORIZE AND PERMIT
                                                    REST PERIODS;**
19
                                                **(5) FAILURE TO TIMELY PAY WAGES;**
20
                                                **(6) FAILURE TO PROVIDE ACCURATE WAGE
21                                                  STATEMENT;**

22                                              **(7) UNFAIR COMPETITION; AND**

23                                              **(8) PRIVATE ATTORNEYS GENERAL ACT OF
                                                    2004 ("PAGA")**
24

25

26                                              **DEMAND FOR JURY TRIAL**

27

28

─────────────────────────────────────────────
                    FIRST AMENDED CLASS ACTION COMPLAINT

1   COMES NOW plaintiff EVELIA MARTINEZ ("Plaintiff"), individually and on behalf of
2   others similarly situated, asserts claims against Defendants SSC NEWPORT BEACH
3   OPERATING COMPANY LP dba FLAGSHIP HEALTHCARE CENTER, a Delaware Limited
4   Partnership, and Does 1-50, inclusive (collectively "Defendants") as follows:

5                              **JURISDICTION AND VENUE**

6       1.      This class action is brought pursuant to California Code of Civil Procedure §382.
7   The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits
8   of the California Superior Court and will be established according to proof at trial.

9       2.      This Court has jurisdiction over this action pursuant to the California Constitution
10  Article VI §10, which grants the California Superior Court original jurisdiction in all causes
11  except those given by statute to other courts. The statutes under which this action is brought do
12  not give jurisdiction to any other court.

13      3.      This Court has jurisdiction over Defendants because, upon information and belief,
14  each Defendant is either a resident of California, has sufficient minimum contacts in California,
15  or otherwise intentionally avails itself of the California market so as to render the exercise of
16  jurisdiction over it by the California Courts consistent with traditional notions of fair play and
17  substantial justice.

18      4.      The California Superior Court also has jurisdiction in this matter because there is no
19  federal question at issue, as the issues herein are based solely on California statutes and law,
20  including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

21      5.      Venue is proper in this Court because upon information and belief, one or more of
22  the Defendants, reside, transact business, or have offices in this County and the acts or omissions
23  alleged herein took place in this County.

24                                    **PARTIES**

25      6.      Plaintiff, EVELIA MARTINEZ is, and at all times relevant to this action, a
26  resident of Garden Grove, California. Plaintiff was employed by Defendants in approximately
27  May 2013 through approximately June 2017 as a Non-Exempt Certified Nursing Assistant
28  performing duties relating Defendant's nursing home and healthcare provider business.

- 1 -

7.     Defendants, SSC NEWPORT BEACH OPERATING COMPANY LP dba FLAGSHIP HEALTHCARE CENTER, own and operate nursing home facilities which provides nursing and healthcare services to elderly patients suffering from chronic health conditions and injuries that require long term care. Defendants maintain healthcare facilities in California.

8.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

9.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

10.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

11.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

12.    Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this

- 2 -

1  complaint to any conduct by Defendant or Defendants, such allegations and references shall also
2  be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and
3  severally. Whenever and wherever reference is made to individuals who are not named as
4  Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,
5  at all relevant times acted on behalf of Defendants named in this complaint within the scope of
6  their respective employments.

7  **CLASS ACTION ALLEGATIONS**

8      13.    Plaintiff brings this action individually as well as on behalf of each and all other
9  persons similarly situated, and thus, seeks class certification under California Code of Civil
10  Procedure §382.

11      14.    All claims alleged herein arise under California law for which Plaintiff seeks relief
12  as authorized by California law.

13      15.    The proposed class is comprised of and defined as:

14        Any and all persons who are or were employed in non-exempt employee
15  positions, however titled, by Defendants in the state of California within four (4)
    years prior to the filing of the complaint in this action until resolution of this
16  lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

17      16.    Plaintiff also seeks to represent the Subclass(es) composed of and defined as
18  follows:

19        All Class Members who have been employed by Defendant in non-exempt
20  positions within the State of California at any time between January 2015 and
    the present and have separated their employment.
21

22      17.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other
23  applicable laws to amend or modify the class definition with respect to issues or in any other
24  ways.

25      18.    The term "Class" includes Plaintiff and all members of the Class and each of the
26  subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in
27  this complaint.

28      19.    There is a well-defined community of interest in this litigation and the members of

- 3 -

1 | the Class are easily ascertainable as set forth below:

2 |       a.   Numerosity: The members of the Class and Subclass are so numerous that
3 | joinder of all members of the Class and/or Subclass would be unfeasible and impractical. The
4 | membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the
5 | Class is estimated to be greater than one hundred (100) individuals, and the identity of such
6 | membership is readily ascertainable by inspection of Defendants' employment records.

7 |       b.   Typicality: Plaintiff is qualified to, and will fairly and adequately protect
8 | the interests of each member of the Class and/or subclass with whom he has a well-defined
9 | community of interest. Plaintiff's claims herein alleged are typical of those claims which could
10 | be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the
11 | relief which would be sought by each member of the Class and/or Subclass in separate actions.
12 | All members of the Class and/or Subclass have been similarly harmed by not being provided meal
13 | periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid
14 | all wages due and owing including overtime wages as Plaintiff and the putative class worked off
15 | the clock. Plaintiff and members of the Class and/or Subclass were also harmed by Defendant's
16 | policy of deducting 30 minutes for a meal period that was less than the lawful 30 minutes, all due
17 | to Defendants' own policies and practices that affected each member of the Class and/or Subclass
18 | similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to
19 | each member of the Class and/or Subclass.

20 |       c.   Adequacy: Plaintiff is qualified to, and will fairly and adequately protect
21 | the interests of each member of the Class and/or Subclass with whom she has a well defined
22 | community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges
23 | an obligation to make known to the Court any relationships, conflicts, or differences with any
24 | member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the
25 | Class and Subclass are versed in the rules governing class action discovery, certification,
26 | litigation, and settlement and experienced in handling such matters. Other former and current
27 | employees of Defendants may also serve as representatives of the Class and Subclass if needed.

28 |       d.   Superiority: The nature of this action makes the use of class action

1  adjudication superior to other methods.  A class action will achieve economies of time, effort,
2  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate
3  actions by individual members of the Class and/or Subclass would create a risk of inconsistent
4  and/or varying adjudications with respect to the individual members of the Class and/or Subclass,
5  establishing incompatible standards of conduct for the Defendants, and resulting in the
6  impairment of the rights of the members of the Class and/or Subclass and the disposition of their
7  interests through actions to which they were not parties.

8        e.    Public Policy Considerations:  Employers in the state of California violate
9  employment and labor laws everyday.  Current employees are often afraid to assert their rights
10  out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions
11  because they believe their former employers may damage their future endeavors through negative
12  references and/or other means.  The nature of this action allows for the protection of current and
13  former employees' rights without fear or retaliation or damage.

14        f.    Commonality:  There are common questions of law and fact as to the Class
15  that predominate over questions affecting only individual members including, but not limited to:

16     i.   Whether Defendants failed to pay Plaintiff and the Class for time spent working off
17        the clock, including regular hours and for hours Plaintiff and Class Members worked
18        in excess of eight (8) hours per day and/or forty (40) hours per week;

19     ii.   Whether Defendants failed to pay the required split shift premiums pursuant to Cal.
20        Code Regs., tit. 8, §11040, 4(c) and the applicable IWC Wage Orders.

21     iii.   Whether Defendants failed to pay Plaintiff and the Class for time spent working when
22        meal periods were less than 30 minutes, yet were deducted 30 minutes of time for a
23        short meal period, and not paid for this time, including regular hours and for hours
24        Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty
25        (40) hours per week, and double time wages for work over twelve (12) hours in a day;

26     iv.   Whether Defendants failed to pay Plaintiff and members of the Class all wages earned
27        either at the time of discharge, or within seventy-two (72) hours of their voluntarily
28        leaving Defendants' employ;

v.    Whether Defendants failed to provide meal periods and authorize and permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

vi.    Whether Defendants failed to provide accurate itemized wage statements in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

vii.    Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

viii.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

20.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

21.    Defendants employed Plaintiff as a Non-Exempt employee with the title of certified nursing assistant. Plaintiff was employed by Defendants as a non-exempt hourly paid employee during the liability period until her separation in approximately June 19, 2017.

22.    Defendants continue to employ non-exempt employees, however titled, throughout the state of California and implement a uniform set of policies and practices to all non-exempt employees as they were all engaged in the generic job duties of providing healthcare services to elderly patients suffering from chronic health conditions and injuries that require long term care. Such healthcare services include but are not limited to: bathing patients, feeding patients, visiting patients, bringing patients to various activities around the facilities, delivering food to patients, and making the patients' beds. Plaintiff and Class Members on a given work day would attend to roughly twelve (12) to fifteen (15) patients.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

24.    During the relevant time frame, Defendants compensated Plaintiff and Class

1 | Members based upon an hourly rate.

2 |      25.    On information and belief, during the relevant time frame, Plaintiff and Class
3 | Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work
4 | week as Defendant enforced mandatory split shift schedules for Plaintiff and the Class whereby
5 | Plaintiff and the Class would typically work four days a week, Monday through Sunday,
6 | beginning at 6:30am to 3:00pm and would clock back into to work beginning at 3:05pm and
7 | concluding at 11:00pm in the same work day.

8 |      26.    On information and belief, and during the relevant time frame, despite Plaintiff
9 | and Class Members being scheduled for split shifts, Defendant failed to compensate Plaintiff and
10 | Class Members their split shift premiums on a consistent basis.

11 |      27.    During the relevant time frame, Defendants failed to pay regular wages including
12 | overtime to Plaintiff and the Class by failing to pay for all time worked, including for work
13 | performed off the clock.  On a consistent and regular basis, Defendants' supervisors would
14 | request and require Plaintiff and Class Members to continue performing their duties with their
15 | patients, as discussed above, even though Plaintiff and Class Members were clocked out for their
16 | lawfully required meal periods. If Plaintiff and Class Members did not comply with the
17 | supervisor's request, they would face reprimand. Even though Plaintiff and Class Members
18 | performed such off the clock work, Defendants failed to accurately record such times, and failed
19 | to compensate Plaintiff and Class Members accordingly.

20 |      28.    Defendants and its supervisors did not make any effort to stop or otherwise
21 | disallow this off the clock work and instead encouraged and allowed it to happen and in fact
22 | ordered Plaintiff and Class Members to perform such work.

23 |      29.    During the relevant time frame, Plaintiff, and on information and belief, Class
24 | Members were regularly required to work in excess of six (6) hours per day without Defendants
25 | providing them a timely, uninterrupted (30) minute meal period as mandated under the California
26 | Labor Code and the implementing rules and regulations of the IWC California Wage Orders 5-
27 | 2001. Plaintiff and Class Members were not provided lawful meal periods and were not provided
28 | with one hour of wages in lieu thereof under Defendants' policies and practices, which included

1   work schedules placed upon the Class Members from Defendants' supervisors to perform work at
2   the expense of their meal periods and Defendants' implementation of a shift schedule and
3   workload requirements that denied Class Members their meal periods.  During the relevant time
4   frame, Defendants' supervisors would regularly interrupt Plaintiff's and Class Members' meal
5   periods as Defendants' supervisors would request and require Plaintiff and Class Members to
6   continue with their patient rounds and their tasks for each patient or face reprimand if they did not
7   comply, resulting in meal periods of less than 30 minutes. Plaintiff and Class Members were
8   systematically denied a significant number of their required meal periods due to the demands
9   placed upon them by Defendants and management.  On information and belief, Plaintiff and the
10  Class did not waive any of their authorized and required meal periods, nor did they receive one
11  hour of regular pay for each day Defendants failed to provide a lawful meal period.

12       30.     During the relevant time frame, Plaintiff, and on information and belief the Class
13  Members were also systematically denied second meal periods even though requested, despite
14  having worked a total of sixteen (16) hours or more in a day. Nevertheless, Defendants never paid
15  Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as
16  required by California law where all meal periods were not provided within the legally required
17  time frames.

18       31.     During the relevant time frame, Plaintiff, and on information and belief the Class
19  Members were consistently required to work in excess of four (4) hours (or major fraction
20  thereof) without receiving lawful ten (10) minute rest periods. The Class Members were also not
21  provided with one hour wages in lieu thereof.  Plaintiff and the other Class Members were
22  systematically denied their rest breaks due to the demands placed upon them by Defendants as
23  discussed above. Defendants' policies and practices included Defendants' implementation of a
24  work schedule and workload requirements that denied and failed to authorize and permit the
25  Class all of their entitled rest periods, including first rest periods of at least ten (10) minutes for
26  every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest
27  period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a third
28  rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours, as

FIRST AMENDED CLASS ACTION COMPLAINT

1  Defendants' supervisors would consistently require Plaintiff and Class Members to continue
2  working through their rest breaks to complete their assigned tasks. Nevertheless, Defendants
3  never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of
4  pay as required by California law where rest breaks were not provided, or not provided within the
5  legally required time frames.

6      32.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,
7  should know, knew, and/or should have known that Plaintiff and the other Class Members were
8  entitled to receive accurate wages including overtime compensation, and premium wages
9  including but not limited to Labor Code §§201-203, 226.7, 510, 512, 558, 1194 and the applicable
10 IWC Wage Order 5-2001 and California Code of Regulations, but were not paid all regular and
11 overtime wages and not paid all meal and rest period premiums due.

12     33.    During the relevant time frame, Plaintiff, and on information and belief the Class
13 Members, were not paid all wages due and owing at the time of separation for meal and rest
14 period premiums, wages and overtime wages for off the clock work spent under the control of
15 Defendant.

16     34.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
17 mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members
18 premium wages, and that Defendants had the financial ability to pay such compensation, but
19 willfully, knowingly, recklessly, and/or intentionally failed to do so.

20     35.    Plaintiff and Class Members they seek to represent are covered by, and Defendants
21 are required to comply with, applicable California Labor Codes, IWC Wage Orders 5-2001 and
22 corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

23                     **CLASS ACTION CLAIMS**

24      **FIRST CAUSE OF ACTION FOR FAILURE TO PAY MINIMUM WAGES**

25           **By Plaintiff and Class Against All Defendants**

26     36.    Plaintiff repeats and incorporates herein by reference each and every allegation set
27 forth above, as though fully set forth herein.

28     37.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class

- 9 -

1   require employers to pay its employees for each hour worked at least minimum wage. "Hours
2   worked" means the time during which an employee is subject to the control of an employer, and
3   includes all the time the employee is suffered or permitted to work, whether or not required to do
4   so, and in the case of an employee who is required to reside on the employment premises, that
5   time spent carrying out assigned duties shall be counted as hours worked.

6       38.    At all relevant times, Labor Code §1197 provides that the minimum wage for
7   employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a
8   lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order
9   and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour
10   worked, and cannot be averaged.

11      39.    During the relevant time period, Plaintiff and on information and belief, Class
12   Members were not paid at least minimum wage for time spent working while on their lunch
13   breaks as Defendants' supervisors would interrupt their lunch by requiring Plaintiff and Class
14   members to continue with their patient tasks.

15      40.    During the relevant time period, Plaintiff and on information and belief, Class
16   Members, were not compensated a premium for their split shift schedules in violation of Cal.
17   Code Regs., tit. 8, §11040, 4(c), the applicable IWC Wage Orders, and Labor Code §1194.

18      41.    Defendants policies and practices failed to pay wages for all hours worked, as
19   required pursuant to Labor Code §§ 200, 1194, and 1197.

20      42.    Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of
21   their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Labor
22   Code §§ 1194, 1197 and liquidated damages in an amount equal to the wages unlawfully unpaid
23   and interest thereon pursuant to Labor Code §1194.2.

24                **SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME**

25                        **By Plaintiff and Class Against All Defendants**

26      43.    Plaintiff repeats and incorporates herein by reference each and every allegation set
27   forth above, as though fully set forth herein.

28      44.    At all times relevant, the IWC wage orders applicable to Plaintiff's and Class

- 10 -

1   Members' employment by Defendants provided that employees working for more than eight (8)
2   hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate
3   of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours
4   in a day or forty (40) hours in a work week.  An employee who works more than twelve (12)
5   hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

6       45.    Labor Code §510 codifies the right to overtime compensation at the rate of one
7   and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a
8   day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of
9   pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a
10   day on the seventh day of work in a particular work week.

11       46.    At all times relevant, Plaintiff and Class Members consistently worked in excess of
12   eight (8) hours in a day and/or forty (40) hours in a week, as Plaintiff and Class Members worked
13   sixteen (16) hours or more a day as a result of the split shifts Defendants scheduled them to work,
14   but yet were not accurately compensated for all time worked in excess.

15       47.    On information and belief, at all times relevant, Defendants failed to pay overtime
16   wages to Plaintiff and Class Members by deducting 30 minutes wages for meal periods that were
17   not provided or less than 30 minutes. Defendants knew or should have known this was occurring.
18   Yet Defendant failed to pay for all time worked while Plaintiff and Class Members were subject
19   to the direction and control of Defendant.

20       48.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
21   overtime compensation violates the provisions of Labor Code § 204.5, §510 and §1194, and the
22   applicable IWC wage orders 5-2001 and is therefore unlawful.

23       49.    Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and
24   have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the
25   overtime wages owed.

26       **THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**
27       **By Plaintiff and Class Against All Defendants**

28       50.    Plaintiff repeats and incorporates herein by reference each and every allegation set

- 11 -

1   forth above, as though fully set forth herein.

2       51.     Pursuant to Labor Code §512, no employer shall employ an employee for a work
3   period of more than five (5) hours without providing a meal break of not less than thirty (30)
4   minutes in which the employee is relieved of all of his or her duties.  An employer may not
5   employ an employee for a work period of more than ten (10) hours per day without providing the
6   employee with a second meal period of not less than thirty (30) minutes, except that if the total
7   hours worked is no more than twelve (12) hours, the second meal period may be waived by
8   mutual consent of the employer and the employee only if the first meal period was not waived.

9       52.     Pursuant to the IWC wage orders 5-2001 applicable to Plaintiff's and Class
10  Members' employment by Defendants, in order for an "on duty" meal period to be permissible,
11  the nature of the work of the employee must prevent an employee from being relieved of all
12  duties relating to his or her work for the employer and the employees must consent in writing to
13  the "on duty" meal period.

14      53.     Plaintiff and Class Members did not consent in writing to an "on duty" meal
15  period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff
16  and Class Members are prevented from being relieved of all duties.  Despite said requirements of
17  the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants
18  and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free
19  meal periods, and/or not provided meal periods within the required time frames, or the legally
20  required length of times.

21      54.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to
22  provide Plaintiff and Class Members, in their roles as non-exempt employees, however titled, first
23  meal periods.  Further Defendants failed to provide uninterrupted first meal periods as
24  Defendants' supervisors requested and required Plaintiff and Class Members to work through
25  their meal periods performing the tasks already mentioned. In addition, Defendants failed to
26  provide Plaintiff and Class Members second meal periods of not less than thirty (30) minutes
27  within the required time frames, despite them being requested in light of Plaintiff and Class
28  Members having worked 16 hours or more in a day.  Defendants' failure to provide the legally

1 | required meal periods is a violation of the Labor Code and the IWC wage orders 5-2001
2 | applicable to Plaintiff's and Class Members' employment by Defendants due to the Defendant's
3 | demands to complete their assigned tasks.

4 | 55. As a proximate result of the aforementioned violations, Plaintiff and Class
5 | Members have been damaged in an amount according to proof at time of trial.

6 | 56. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to
7 | recover one (1) hour of premium pay for each day in which a meal period was not provided and
8 | not provided within the required time frames.

9 | **FOURTH CAUSE OF ACTION FOR FAILURE TO AUTHORIZE AND PERMIT REST**
10 | **PERIODS**

11 | **By Plaintiff and Class Against All Defendants**

12 | 57. Plaintiff repeats and incorporates herein by reference each and every allegation set
13 | forth above, as though fully set forth herein.

14 | 58. Pursuant to the IWC wage orders 5-2001 applicable to Plaintiff's and Class
15 | Members' employment by Defendants, "Every employer shall authorize and permit all employees
16 | to take rest periods, which insofar as practicable shall be in the middle of each work period....
17 | [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten
18 | (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest
19 | period time shall be counted as hours worked, for which there shall be no deduction from wages."
20 | Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any
21 | rest period mandated by an applicable order of the IWC.

22 | 59. Defendants were required to authorize and permit employees such as Plaintiff and
23 | Class Members to take rest periods, based upon the total hours worked at a rate of ten (10)
24 | minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.
25 | Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members'
26 | employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class
27 | Members, in their roles as on-exempt employees, or equivalent positions with similar job duties,
28 | however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major

- 13 -

1 fraction thereof.

2  60.  For the four (4) years preceding the filing of this lawsuit, Defendants failed to
3 provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders
4 applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7.
5 Despite having shifts of 16 hours or more, Plaintiff and Class Members were never permitted or
6 authorized a rest break as the workload and Defendants' supervisors prevented them from taking
7 them.  As a proximate result of the aforementioned violations, Plaintiff and Class Members have
8 been damaged in an amount according to proof at time of trial.

9  61.  Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to
10 recover one (1) hour of premium pay for each day in which a rest period was not provided.

11  **FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**
12  **By Plaintiff and Class Against All Defendants**

13  62.  Plaintiff repeats and incorporates herein by reference each and every allegation set
14 forth above, as though fully set forth herein.

15  63.  Labor Code § 204 provides that all wages earned by any person in any
16 employment between the 1st and 15th days, inclusive, of any calendar month, other than those
17 wages due upon termination of an employee, are due and payable between the 16th and the 26th
18 day of the month during which the labor was performed. All wages earned by any person in any
19 employment between the 16th and the last day, inclusive, of any calendar month, other than those
20 wages due upon termination of an employee, are due and payable between the 1st and 10th day of
21 the following month. Labor Code § 204 further provides that all wages earned for labor in excess
22 of the normal work period shall be paid no later than the payday of the next regular payroll
23 period.

24  64.  During the relevant time period, Defendants intentionally and willfully failed to
25 pay Plaintiffs and Class Members all wages due to them, within any time period permissible
26 under California Labor Code section 204.

27  65.  Labor Code §§201-202 requires an employer who discharges an employee to pay
28 compensation due and owing to said employee immediately upon discharge and that if an

- 14 -

1   employee voluntarily leaves his or her employment, his or her wages shall become due and

2   payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

3   two (72) hours previous notice of his or her intention to quit, in which case the employee is

4   entitled to his or her wages on their last day of work.

5         66.    Labor Code §203 provides that if an employer willfully fails to pay compensation

6   promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

7   waiting time penalties in the form of continued compensation for up to thirty (30) work days.

8         67.    During the relevant time period, Defendants willfully failed and refused, and

9   continues to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and

10   unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their

11   voluntarily leaving Defendants' employ. These wages include minimum and overtime wages for

12   all work performed off the clock. Defendant also willfully failed and refused, and continue to

13   willfully fail and refuse to pay Plaintiff and Class Members meal and rest break premiums due

14   and owing.

15         68.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned

16   and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

17   Defendants' employ, violates Labor Code §§201-202.

18         69.    As a result of Defendants conduct, Plaintiff and Class Members are entitled to

19   recover all remedies available for violations of Labor Code § 204.

20         70.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting

21   time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

22       **SIXTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE ITEMIZED**

23                                       **WAGE STATEMENT**

24                               **By Plaintiff and Class Against All Defendants**

25         71.    Plaintiff repeats and incorporates herein by reference each and every allegation set

26   forth above, as though fully set forth herein.

27         72.    Section 226(a) of the California Labor Code requires Defendants to itemize in

28   wage statements all deductions from payment of wages and to accurately report total hours

worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

73. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

74. Defendants have failed to identify the name and address of the legal entity that is the employer.

75. Defendants have failed to accurately record Plaintiff's and Class Members' split shift premiums.

76. Defendants have failed to accurately record all work time accrued for off the clock work performed by Plaintiff and Class Members, and for all work time spent attending to Defendants' managements' work related requests while on taking their meal periods.

77. Defendants have failed to accurately record the meal and rest period premiums owed to Plaintiff and the Class including for Defendant's failure to provide second meal periods and for rest breaks not authorized or permitted or for rest breaks where Plaintiff and Class Members were not relieved of all duty.

78. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

79. Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

## SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION

### By Plaintiff and Class Against All Defendants

80. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

- 16 -

81.   Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

82.   Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

83.   A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of failing to pay Plaintiff and Class Members minimum and overtime wages over the past four (4) years violates, including but not limited to, Labor Code §1194, §1197, and §510. Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks within the prescribed time frames or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7.

84.   Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

85.   Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

86.   Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

///

///

- 17 -

1     **EIGHTH CAUSE OF ACTION PURSUANT TO PRIVATE**

2     **ATTORNEYS GENERAL ACT OF 2004**

3     **(By Plaintiff and Class Against All Defendants)**

4     87.    Plaintiff repeats and incorporates herein by reference each and every allegation set

5 forth above, as though fully set forth herein.

6     88.    Pursuant to Labor Coe § 2699.3, (a) A civil action by an aggrieved employee

7 pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in

8 Section 2699.5 shall commence only after the following requirements have been met:

9     (1) The aggrieved employee or representative shall give written notice by certified mail to

10     the Labor and Workforce Development Agency and the employer of the specific

11     provisions of this code alleged to have been violated, including the facts and theories

12     to support the alleged violation.

13     (2) (A) The agency shall notify the employer and the aggrieved employee or

14     representative by certified mail that it does not intended to investigate the alleged

15     violation within sixty (60) calendar days of the postmark date of the notice received

16     pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within

17     sixty-five (65) calendar days of the postmark date of the notice given pursuant to

18     paragraph (1), the aggrieved employee may commence a civil action pursuant to

19     Section 2699.

20     89.    On February 2, 2018 Plaintiff complied with the notice requirement pursuant to

21 Labor Code Section 2699.3 and sent via certified mail written notice to the Labor and Workforce

22 Development Agency and the alleged employers of the specific provisions alleged to have been

23 violated, including the facts and theories to support the alleged violation by attaching and

24 incorporating by reference the operative Complaint and Proposed First Amended Complaint to

25 Plaintiff's LWDA letter. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff

26 EVELIA MARTINEZ's LWDA letter.

27     90.    On or about April 12, 2018, sixty-five (65) days passed since Plaintiff provided

28 written notice required by Labor Code § 2699.3. Therefore, Plaintiff may commence a civil action

1 pursuant to Labor Code § 2699.3(a)(2)(A).

2     91.    On information and belief and based thereon, by their policy of:

3     a.  Failing to pay minimum wages;

4     b.  Failing to pay overtime wages;

5     c.  Failing to provide meal periods;

6     d.  Failing to provide rest periods;

7     e.  Failing to timely pay wages; and

8     f.  Failing to provide accurate wage statements.

9     92.    Defendants engaged in unlawful activity prohibited by inter alia, Labor Code

10 Sections 2698 *et. seq.*, 201-203, 204, 226, 226.7, 210, 510, 512, 558, 1194, 1197, Cal. Code

11 Regs., Title 8, §11000, *et. seq.* and IWC Wage Orders which violation constitutes a violation of

12 fundamental public policy.

13     93.    As a result of their unlawful acts, Plaintiff and the proposed class are entitled to

14 civil penalties pursuant to Labor Code Private Attorney General Act of 2004, Labor Code §2698

15 et. seq.

16     94.    WHEREFORE, Plaintiff and the aggrieved employees she seeks to represent

17 requests relief as described herein and below.

18 **PRAYER FOR RELIEF**

19 WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

20 Class Certification

21     1.    That this action be certified as a class action;

22     2.    That Plaintiff be appointed as the representative of the Class;

23     3.    That Plaintiff be appointed as the representative of the Subclass; and

24     4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

25 On the First Cause of Action

26     1.    For compensatory damages equal to the unpaid balance of minimum wage

27 compensation owed to Plaintiff and Class members as well as interest and costs;

28     2.    For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;

- 19 -

1    3.    For liquidated damages in an amount equal to the wages unlawfully unpaid and

2  interest thereon pursuant to Labor Code § 1194.2;

3    4.    For such other and further relief as the Court deems proper.

4                        On the Second Cause of Action

5    1.    For compensatory damages in an amount equal to the amount of unpaid overtime

6  owed to Plaintiff and Class Members;

7    3.    For pre-judgment interest on any unpaid overtime compensation due from the day

8  that such amounts were due;

9    3.    For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

10   4.    For such other and further relief as the Court deems proper.

11                       On the Third Cause of Action

12   1.    For one (1) hour of premium pay for each day in which a required second meal

13  period was not provided or not provided in a timely manner; and

14   2.    For such other and further relief as the Court deems proper.

15                       On the Fourth Cause of Action

16   1.    For one (1) hour of premium pay for each day in which a required rest period was

17  not provided; and

18   2.    For such other and further relief as the Court deems proper.

19                       On the Fifth Cause of Action

20   1.    For statutory penalties pursuant to Labor Code §203;

21   2.    For interest for wages untimely paid; and

22   3.    For such other and further relief as the Court deems proper.

23                       On the Sixth Cause of Action

24   1.    For statutory penalties pursuant to Labor Code §226;

25   2.    For interest for wages untimely paid; and

26   3.    For such other and further relief as the Court deems proper

27                       On the Seventh Cause of Action

28   1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

- 20 -

1 | Class Members for their past failure to pay overtime wages over the last four (4) years in an
2 | amount according to proof;

3 |     2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and
4 | Class Members for their past failure to pay premium wages for meal and/or rest periods that were
5 | not provided to Plaintiff and Class Members over the last four (4) years in an amount according to
6 | proof;

7 |     3.    For pre-judgment interest on any unpaid overtime wages due from the day that
8 | such amounts were due;

9 |     4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to
10 | recover under Labor Code §1194;

11 |     5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to
12 | recover under Labor Code §1194; and

13 |     6.    For such other and further relief as the Court deems proper.

14 | <u>On the Eighth Cause of Action</u>

15 | 1.    For statutory penalties pursuant to Labor Code §2698 et. seq.; and

16 | 2.    For such other and further relief as the Court deems proper;

18 | **DEMAND FOR JURY TRIAL**

19 | Plaintiff and members of the Class and Subclass request a jury trial in this matter.

21 | Dated: April 17, 2018          JAMES HAWKINS APLC

22 | By: _____
23 |     JAMES R. HAWKINS, ESQ.
    GREGORY MAURO, ESQ.
    MICHAEL CALVO, ESQ.
24 |     Attorneys for Plaintiff EVELIA MARTINEZ,
    individually and on behalf of all others
25 |     similarly situated.

# EXHIBIT 1

# JAMES *H*HAWKINS

**A PROFESSIONAL LAW CORPORATION**
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

February 2, 2018

**Via LWDA Website**

**Labor and Workforce Development Agency**
Attn: PAGA Administrator
1515 Clay Street, Ste 801
Oakland, CA 94612
http://www.dir.ca.gov/Private-Attorneys-General-Act

**Via Certified Mail**

**SSC Newport Beach Operating Company LP dba Flagship Healthcare Center**
Agent for Service of Process: CT Corporation System
818 West Seventh St., Ste. 930
Los Angeles, CA 90017
Cert Mail #  70160910000198807212

Re:   **NOTICE PURSUANT TO LABOR CODE SECTIONS 2698,** *et seq.*

To Whom It May Concern:

PLEASE TAKE NOTICE that plaintiff Evelia Martinez, individually and on behalf of all others similarly situated and representative, gives NOTICE to commence and/or amend a civil action pursuant to California Labor Code Sections 2698, *et seq.* Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency, and SSC Newport Beach Operating Company LP dba Flagship Healthcare Center through its Agent for Service of Process (CT Corporation System).

Plaintiff hereby attaches a copy of the Complaint filed in the Orange County Superior Court as though fully set forth herewith and a copy of the Complaint and Proposed First Amended PAGA Complaint, setting out the specific provisions of the Labor Code Plaintiff alleges have been violated, including the facts and theories. All labor provisions in the Complaint and Proposed First Amended PAGA Complaint alleged to have been violated pertain to all entities and individuals names in the Complaints, even if not expressly specified.

Please advise within sixty (60) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you, and if you have any questions, please do not hesitate to contact me.

Very Truly Yours,

Gregory Mauro

Enclosure:  Complaint; Proposed First Amended Complaint